**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

AMY LEIGH STURGEON                                                                                    PLAINTIFF

v.                                                                                                  NO.3:07-CV-290-JDM

WALGREEN COMPANY                                                                              DEFENDANT

**OPINION AND ORDER**

This diversity action is before the court on the plaintiff's motion to compel certain written discovery. (Dkt. no. 26.) In the main, the defendant objects that the plaintiff seeks to expand discovery beyond what is reasonably at issue in this case. (Dkt. no. 27.)

In the complaint, the plaintiff seeks compensatory and punitive damages on allegations that Walgreens was "negligent in its rendition of services" when a Walgreens' clerk, acting within the scope of employment, negligently and recklessly sold the plaintiff a prescription filled and labeled for another person with the last name Sturgeon, a prescription for the anti-depressant Zoloft. (Dkt. no. 1, Part 2.) Thus, the only basis for liability against Walgreens is respondeat superior, a theory of vicarious liability, rather than a direct action for the employer's own negligence. *See* DAVID LIEBSON, KY. PRAC.– TORT § 11.2 (2007).

The civil rules permit discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. FED R. CIV. P. 26(b)(1). Rule 26 further provides that relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See also Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998).

With these parameters in view, the court will turn to the specific discovery requests:

**Interrogatory 10:** Objection overruled, in part. Whether employees at the store the day of the incident had conversations with the clerk involved in this transaction is reasonably calculated discovery. However, other issues identified by the plaintiff, i.e., pharmacy practices, particular employee issues, qualifications of fellow employees, employee training, have no relevance or other discovery potential on the claim that Walgreens is vicariously liable for the alleged negligence of its clerk in this case. That said, the defendant should provide the contact information of employees responsive to the interrogatory.

**Interrogatory 11:** Objection sustained, in part. The case does not involve a pharmacist's error or misfilled prescription. How pharmacists' errors are reported thus falls outside the scope of Rule 26(b). Notwithstanding, the job performance of the clerk involved in this transaction and reports, if any, of this clerk's errors may have relevance to the claim for punitive damages. *See* KY. REV. STAT. ANN. § 411.184(3). On this narrower inquiry, the defendant should provide nonprivileged information responsive to this interrogatory.

**Interrogatories 12-16:** Objections sustained.

**Interrogatory 17:** Objection overruled, in part. The defendant shall state the gross and net revenues of the store at issue for the year of this incident and the preceding two years.

**Interrogatory 18:** Objection sustained. The defendant has agreed to provide certain job descriptions following entry of a protective order.

**Interrogatories 20, 22:** Objections sustained.

**Requests 4, 11:** Objections sustained.

**Request 12:** Objection sustained, in part. Consistent with Interrogatory 11, the defendant should provide nonprivileged information responsive to the narrow issue of the clerk

responsible for this transaction.

    DATE:

cc:  Counsel of Record

0|20